IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VICTOR VELAZQUEZ-CAUSSADE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RAMON ORTA-RODRIGUEZ, et al.,<br><br>Defendants. | Civil No. 13-1761 (GAG) |

## MEMORANDUM OPINION

This is a political discrimination case. The claim is for reduction in responsibility to ultimately nothing on account of political affiliation. It was brought against Plaintiffs' direct supervisor ("Cruz"), Puerto Rico's Secretary of Sports and Recreation ("Orta"), and the Commonwealth of Puerto Rico. The court denied Cruz's motion to dismiss and stated that the Commonwealth remains only for purposes of prospective injunctive relief. (See Docket No. 14.) Presently before the court is Orta's motion to dismiss. (Docket No. 36.)

Orta raises four issues. First, he claims Plaintiffs' spouses are not entitled to relief for alleged First Amendment violations against only Plaintiffs. Orta is correct and this claim is dismissed without prejudice; however, the spouses remain parties as to the state law-based claims.

Second, Orta raises the affirmative defense of qualified immunity. This claim is denied without prejudice. See Davila Torres v. Feliciano Torres, 924 F. Supp. 359, 369-70 (D.P.R.

Civil No. 13-1761(GAG)

2013) (discussing denial of qualified immunity to government officials who allegedly stripped functions).

Third, the facts in the complaint alleged specifically against Orta at paragraphs 46, 47, 49, and 51 could plausibly indicate that he instructed Cruz to reduce Plaintiffs' responsibilities to nothing.  Paragraph 52 indicates that one Plaintiff even told Orta about the reduction, and paragraph 56 states that Plaintiffs informed Orta via letter.  It would be improper to dismiss the claim at this stage when so many questions exist as to factual allegations that plausibly entitle Plaintiffs to relief.

Fourth, Orta asserts that the Commonwealth has not waived its sovereign immunity and that, because he is being sued as an official of the Commonwealth, Plaintiffs are actually suing the Commonwealth.  Furthermore, Orta claims that the court is prohibited from exercising supplemental jurisdiction over the state law claims.

As previously stated, the only relief that may be imposed on the Commonwealth and the Department of Sports and Recreation is prospective injunctive relief.  To the extent any money damages are awarded for violations of either state or federal law, they may not come from Puerto Rico's coffers.  Rather, such an award may only be drawn from the individual Defendants' pockets (whether they are indemnified is irrelevant).

The complaint is against both Cruz and Orta in their official and individual capacities. Lodging a complaint against an officer in his official capacity supplements the argument against the Commonwealth for prospective injunctive relief.  Doing so in an individual capacity means Plaintiffs are chasing Cruz's and Orta's money, not Puerto Rico's.  Claims against them for section 1983 violations and state law-based claims in their individual capacities are appropriate. See Guillemard-Ginorio v. Contreras-Gomez, 585 F.3d 508, 530-31 (1st Cir. 2009) ("[T]he

Civil No. 13-1761(GAG)

Eleventh Amendment . . . do[es] not bar federal suits challenging state action under both state *and* federal law if the relief sought is not of the kind barred by the Eleventh Amendment – as is true of damages to be paid out of the official's pocket."). Whether Cruz and Orta "acted under color of state law" as government officers, which exposes them to individual-capacity liability if they violated Plaintiffs' rights, is, at the very least, plausible. Id. at 531. The facts will need to be discovered. Cruz and Orta are not barred from attempting to distinguish liability for actions taken in their official capacities from actions taken in their individual capacities.

For the reasons discussed above, the court **GRANTS in part** and **DENIES in part** the motion to dismiss at Docket No. 36.

SO ORDERED.

In San Juan, Puerto Rico this 18th day of March, 2014.

/S/ Gustavo A. Gelpí
GUSTAVO A. GELPI
United States District Judge