IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VÍCTOR VELÁZQUEZ CAUSSADE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RAMÓN ORTA RODRÍGUEZ, et al.,<br><br>Defendants. | CIVIL NO.: 13-1761 (MEL) |

**OPINION AND ORDER**

On March 18, 2014, the court issued an order dismissing Sylvia M. Meléndez Santiago's and Maraliz González's First Amendment claims, noting that Meléndez and González "remain parties as to the state law-based claims." ECF No. 37, at 1. On August 6, 2015, the court set a deadline for the parties to file memoranda of law as to whether the court should reconsider its decision to maintain Meléndez's and González's state-law based claims, in view that the only citations to the Puerto Rico Civil Code contained in the amended complaint are to P.R. Laws Ann. tit 29, §§ 136-138, which have been repealed, and P.R. Laws Ann. tit. 29, § 146 ("Law 100"), which does not permit spousal derivative claims. ECF No. 148. As of the time this opinion is being filed, neither plaintiffs nor defendant Ramón Orta Rodríguez have submitted a memorandum in response to the court's order. Only defendants Benjamín Cruz Lugo and the Commonwealth of Puerto Rico submitted a response, but they did not address the precise issue

of whether Meléndez's and González's state-law based claims should survive and proceed to trial.[1] ECF No. 151.

Law 100 makes it unlawful to discriminate against an employee based on the employee's political affiliation, among other reasons, with regard to the terms and conditions of his employment. P.R. Laws Ann. tit. 29, § 146. "Law 100 is concerned exclusively with labor and the employee-employer relationship; [it] 'has nothing to do . . . with third persons or with other persons that are not employees.'" Cotto v. Municipality of Aibonito, No. CIV. 10-2241 JAG, 2012 WL 1110177, at *18 (D.P.R. Apr. 2, 2012) (dismissing Law 100 claims brought by employee's spouse and conjugal partnership (citing Santini Rivera v. Serv. Air., Inc., 137 D.P.R. 1, 1994 P.R. Eng. 909 (1994))). In this case, plaintiffs Víctor Velázquez Caussade and José Pérez Olivares allege that they were discriminated against on the basis of their political affiliation in the course of their employment. See ECF No. 5. Meléndez and González do not allege that they were discriminated against for political reasons in the employment context, but rather aver only that they suffered mental anguish and distress due to the alleged discrimination against their husbands—Velázquez and Pérez. As third-parties to the alleged discrimination against their husbands, Meléndez's and González's claims, contained in the "seventh cause of action" of the amended complaint (ECF No. 5, at 16) cannot stand under Law 100. Given the legal impossibility of their state-based claims under Law 100, Meléndez's and González's remaining Law 100 claims are dismissed with prejudice.[2] To the extent, if at all, that the amended

---

[1] Rather than addressing the matter of whether the court should maintain Meléndez's and González's state-law based claims, Cruz and the Commonwealth raise an argument for the first time that Law 100 does not apply in this case, whatsoever. ECF No. 151. Cruz and the Commonwealth have filed two dispositive motions in this case (ECF No. 38-1; 57-1), and their *de facto* motion to dismiss the Law 100 claims at this juncture, on the eve of trial, is highly untimely. The court expresses no opinion, however, as to whether their argument would prevail if raised in a motion pursuant to Federal Rule of Civil Procedure 50 at trial.

[2] It is also notable that that neither Meléndez nor González is listed as a witness for either side in the Joint Proposed Pretrial Order (see ECF No. 121), which is no longer subject to amendments (see ECF No. 131). Furthermore,

complaint attempts to bring a cause of action under Article 1802, that claim is dismissed without prejudice, due to the lack of notice to defendants regarding the statutory basis for Meléndez's and González's claims. See, e.g., Gurvey v. Fixzit Nat. Install Svcs, Inc., Civ. No. 06-1779 DRD, 2010 WL 2925025, at *4 (D.N.J. July 19, 2010) (finding that claims for which plaintiffs failed to cite to specific statutes supporting their allegations did not meet the motion to dismiss standard and noting the lack of notice to defendants as to how to defend against those counts).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 7th day of August, 2015.

s/Marcos E. López<br>
U.S. Magistrate Judge

---

neither plaintiffs' proposed verdict form nor their amended proposed verdict form, which was submitted after the deadline to respond to the court's order to file a memorandum regarding the spousal claims, contain any questions regarding Meléndez or González, but are limited to questions regarding Velázquez's and Pérez's political discrimination claims. See ECF Nos. 132; 152. Ultimately, however, the contents of the Joint Proposed Pretrial Order and plaintiffs' proposed verdict forms have no bearing on the court's decision to dismiss Meléndez's and González's state-law based claims.