IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VÍCTOR VELÁZQUEZ CAUSSADE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RAMÓN ORTA RODRÍGUEZ, et al.,<br><br>Defendants. | CIVIL NO.: 13-1761 (MEL) |

**OPINION AND ORDER**

The memoranda of law filed by plaintiffs and defendant Ramón Orta Rodríguez (ECF Nos. 138; 142) are noted. Orta argues that a letter dated June 26, 2013, which plaintiffs have announced as an exhibit for trial, should be deemed inadmissible for plaintiffs' failure to produce a copy of the letter to him in a timely manner. ECF Nos. 142. He claims, in the alternative, that the letter cannot be properly authenticated at trial. Id. at 3-5. Plaintiffs contend that although the letter dated June 26, 2013 was not produced along with their initial disclosures, Orta had the letter prior to his deposition and to the deadline to file dispositive motions, and thus was not significantly prejudiced by the untimely production of the letter. ECF No. 138. As to the authentication issue, plaintiffs state that they can authenticate the letter by testifying that plaintiff Víctor Velázquez Caussade wrote the letter, that both Velázquez and plaintiff José Pérez Olivares signed the letter, and that Pérez personally delivered the letter "to his secretary or receptionist." ECF No. 138. Taking into account the parties' arguments, the June 26, 2013 letter is admissible

for the purpose of demonstrating Orta's knowledge of plaintiffs' political affiliations, subject to plaintiffs laying the foundation for its admissibility at trial.[1]

Although the letter should have been produced with plaintiffs' initial disclosures, Orta has not articulated any prejudice to him from its late production. Orta had possession of the letter within the period to conduct discovery and, mostly notably, prior to his own deposition. He was able to raise arguments regarding the letter in his motion for summary judgment, which the court considered in reaching its decision as to his dispositive motion. See ECF No. 127, at 9-10. In sum, plaintiffs' use of the letter at trial does not come as an unfair surprise to Orta; he has had sufficient time to prepare his defense regarding the June 26, 2013 letter.

Assuming that plaintiffs' testify that the letter is a true and exact copy of the letter that Velázquez drafted, they signed, and Pérez delivered (see ECF No. 142-1, at 5-9), they will have produced "evidence sufficient to support a finding that the item is what [they] claim it is," as Federal Rule of Evidence 901 requires. Fed. R. Civ. P. 901(a). Pérez testified at his deposition that he "went to the office of Secretary Ramón Orta and delivered the letter at the front . . . to the lady that was there at the front of the office." ECF No. 142-2, at 6: 17-18; 8: 8-9. Although Pérez could not recall the name of the woman to whom he handed the letter at the office of Secretary Orta, he explained that she was a new employee. Id. at 6: 19-22. Orta also points out that Pérez did not receive any proof of delivery upon delivering the letter, such as a signature or stamp, and that a letter dated August 22, 2013, from Pérez to co-defendant Benjamín Cruz Lugo, does not mention the June 26, 2013 letter that plaintiffs sent to Orta. Insisting that plaintiffs offer the name of the individual Pérez handed the letter in her office, that they submit proof of delivery, or that

---

[1] The letter may not, however, be used for the truth of the matters asserted within it, as it is hearsay if offered for that purpose.

Pérez mention the June 26, 2013 letter in a communication he sent to Cruz two months later would place a higher burden on plaintiffs than Rule 901 requires to authenticate the document.

Even taking into account that the "office of the Secretary" may be a large department in which many individuals are employed, a jury can draw a reasonable inference as to whether the letter, which was personally addressed to Secretary Orta, was given to him by the woman "at the front of the office." Of course, the jury may choose to give lesser weight to the June 16, 2013, letter based on Pérez's apparent uncertainty as to whom exactly he handed the letter. See Wright & Miller, 31 Fed. Prac. & Proc. Evid. § 7103 (noting that Rule 901 authenticity concerns must be distinguished from matters such as probative value, weight, and personal knowledge). Furthermore, Orta is free, within the confines of the Federal Rules of Evidence, to present evidence that he did not in fact receive and / or read the letter, and the jury can make its credibility determinations and weigh Orta's evidence accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 9th day of August, 2015.

s/Marcos E. López  
U.S. Magistrate Judge